```
hferreiraple
```

LEONARDO M. RAPADAS
United States Attorney
FREDERICK A. BLACK
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

**ORIGINAL**

**FILED**
DISTRICT COURT OF GUAM
JAN 1 8 2005
MARY L.M. MORAN
CLERK OF COURT

**FILED**
DISTRICT COURT OF GUAM
JAN 14 2005
MARY L.M. MORAN
CLERK OF COURT



## IN THE UNITED STATES DISTRICT COURT
## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) MAGISTRATE CASE NO. **05-00001** |
| Plaintiff, | ) |
| vs. | ) AMENDED *mjr 1/18/05* |
| HERBERT A. FERREIRA, | ) **PLEA AGREEMENT** |
| Defendant. | ) |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, HERBERT A. FERREIRA, into the following plea agreement:

1. The defendant, HERBERT A. FERREIRA, agrees to enter a guilty plea to an Information charging him with one count of Conversion of Federal Property(misdemeanor) in violation of Title 18, United States Code, Section 641.

2. The defendant, HERBERT A. FERREIRA, further agrees to fully and truthfully cooperate with Federal and territorial law enforcement agents concerning their investigation of the conversion of a generator belonging to the United States Postal Service and related unlawful activities. He agrees to testify fully and truthfully before any grand juries and at any trials or proceedings if called upon to do so for the United States, subject to prosecution for perjury for

not testifying truthfully. The United States will make this cooperation known to the Court prior to the defendant's sentencing.

3. The defendant understands that the <u>maximum</u> sentence for Conversion of Federal Property as a Class A misdemeanor is imprisonment for not more than one(1) year, a $100,000 fine, together with any restitution as the court may order, and a $25 special assessment fee, together with any restitution as the court may order. Any sentence of incarceration shall include a term of supervised release of not more than one (1) year. The total of $25 special assessment fee must be paid prior to or upon sentencing. If defendant cooperates as set forth in Paragraphs 2 and 3, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines, and credit for time served, if any. If defendant does not fully cooperate as set forth in Paragraphs 2 and 3, the government will recommend a sentence of incarceration within the Guidelines range it may deem appropriate.

The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish a violation of conversion of federal property, a violation of Title 18, United States Code, Section 641, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, knowingly converted property from its rightful owner with the intention of permanently depriving the owner of the money or property;

<u>Second</u>: the property was owned by the United States or of any department or agency thereof.

5 The defendant understands that the Sentencing Guidelines apply to this offense. The government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

1    a. The defendant was born on December 18, 1949, and is a citizen of the United States.
2    b. If the defendant cooperates with the United States by providing information
3 concerning the unlawful activities of others, the government agrees that any self-incriminating
4 information so provided will not be used against defendant in assessing his punishment, and
5 therefore, pursuant to § 1B1.8 of the Sentencing Guidelines, this information should not be used
6 in determining the applicable guidelines range.
7    c. On or about July 2003, the defendant converted to his own use the proceeds from the
8 sale of a generator that belonged to the United States Postal Service which had been entrusted
9 temporarily to his personal use following Typhoon Chataan . The defendant admits that he
10 intended to permanently deprive the United States of its benefit and the proceeds put from his sale of
11 this generator.
12    6. Pursuant to 18 U.S.C. § 3663(a)(1)(B)(3), the government and defendant agree that the
13 defendant shall pay restitution in the amount of $900.00 to the United States Postal Service.
14    7. The defendant understands that this plea agreement depends on the fullness and
15 truthfulness of his cooperation. Therefore, defendant understands and agrees that if he should
16 fail to fulfill completely each and every one of his obligations under this plea agreement, or make
17 material omissions or intentional misstatements or engage in criminal conduct after the entry of
18 his plea agreement and before sentencing, the government will be free from its obligations under
19 the plea agreement; thus defendant, in addition to standing guilty of the matters to which he has
20 pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other
21 crimes. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local,
22 shall be free to use against him, without limitation, any and all information, in whatever form,
23 that he has provided pursuant to this plea agreement or otherwise; defendant shall not assert any
24 claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of
25 Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to
26 attempt to bar such use of the information.
27 //
28 //

8. The defendant understands that his sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right he may have to any speedy sentencing and hereby agrees to any continuance of his sentencing date as it may become necessary.

9. The defendant agrees to waive any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

10. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. His right to be represented by an attorney;

    c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

    d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

    e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

    f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

    g. That he reads, writes and speaks the English language and has no need for an interpreter;

    h. That he has read the plea agreement and understands it.

| | |
|---|---|
| 1 | i. The Defendant is satisfied with the representation of his lawyer and feels that his |
| 2 | lawyer has done everything possible for his defense. |

DATED: 1/13/05

_____
HERBERT A. FERREIRA
Defendant

DATED: 1/13/05

_____
JOHN GORMAN
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 1-13-05            By: _____
FREDERICK A. BLACK
Assistant U.S. Attorney

DATED: 1-13-05

_____
RUSSELL C. STODDARD
First Assistant U.S. Attorney

- 5 -