PROB 12C
(7/93)

# United States District Court

## for

## District of Guam

FILED
DISTRICT COURT OF GUAM
OCT 21 2005
MARY L.M. MORAN
CLERK OF COURT

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender:   Herbert A. Ferreira                                  Case Number: MJ 05-00001-001

Name of Sentencing Judicial Officer:   Joaquin V. E. Manibusan, Jr.

Date of Original Sentence:   June 2, 2005

Original Offense:   Conversion of Federal Property, in violation of Title 18 U.S.C. § 641

Original Sentence:   Two years probation with conditions to include: comply with the standard conditions of probation as set forth by the U.S. Sentencing Commission and codified under 18 U.S.C. § 3563; participate in a program approved by the U.S. Probation Office for substance abuse, which may include testing to determine whether the defendant has reverted to the use of drugs or alcohol and make a co-payment for the program at a rate to be determined by the U.S. Probation Office; refrain from the use of all alcoholic beverages; and pay a $25 special assessment fee and $900 in restitution.

Type of Supervision:   Probation                              Date Supervision Commenced: June 2, 2005

Assistant U.S. Attorney:   Frederick A. Black                 Defense Attorney: Federal Public Defender

---

### PETITIONING THE COURT

[X]   To issue a warrant

[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Condition | Nature of Noncompliance |
|---|---|
| **Standard Condition** | Failure to report to the probation officer and submit a truthful and complete written report within the first five days of each month. |
| **Standard Condition** | Failure to work regularly at a lawful occupation. |
| **Standard Condition** | Failure to notify the probation office at least ten days prior to any change in residence or employment. |
| **Special Condition** | Failure to participate in a program approved by the U.S. Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol. |

≋Prob 12C
(12/04)

U.S. Probation Officer Recommendation:

[X] The term of supervision should be

    [X] revoked.

    [ ] extended for _____ years, for a total term of _____ years.

[ ] The conditions of supervision should be modified as follows:

*See attached Declaration in Support of Petition*

| Reviewed by: | Reviewed by: | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|---|
| FRANK MICHAEL CRUZ<br>Chief U.S. Probation Officer<br>Date: 10-6-2005 | FREDERICK A. BLACK<br>Assistant U.S. Attorney<br>Date: 10-6-05 | CARMEN D. O'MALLAN<br>U.S. Probation Officer Specialist<br>Executed on: 10/5/05 |

THE COURT ORDERS:

[ ] No action.
[X] The issuance of a warrant.
[ ] The issuance of a summons.
[ ] Other

RECEIVED OCT 20 2005 DISTRICT COURT OF GUAM HAGATNA, GUAM

JOAQUIN V.E. MANIBUSAN, JR.
Magistrate Judge
10/20/2005
Date

# VIOLATION WORKSHEET

1. Defendant **Herbert A. Ferreira**
2. Docket Number (Year-Sequence-Defendant No.) **MJ 05-00001-001**
3. District/Office **Guam**
4. Original Sentence Date **06 / 02 / 05** (month / day / year)

(If different than above):

5. Original District/Office **N/A**
6. Original Docket Number (Year-Sequence-Defendant No.) **N/A**
7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| Failure to report to the probation officer and submit a truthful and complete written report within the first five days of each month. | C |
| Failure to work regularly at a lawful occupation. | C |
| Failure to notify the probation office at least ten days prior to any change in residence or employment. | C |
| Failure to participate in a program approved by the U.S. Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol. | C |
| | |
| | |
| | C |

8. Most Serious Grade of Violation (see §7B1.1(b))  **C**
9. Criminal History Category (see §7B1.4(a))  **I**
10. Range of Imprisonment (see §7B1.4(a))  **3 to 9 months**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Defendant: Herbert A. Ferreira

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | $900.00 | Community Confinement | 0 |
    | Fine ($) | 0 | Home Detention | 0 |
    | Other | | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: 3 months to 9 months years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: _____

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    An upward departure may be warranted as the original sentence was the result of a downward departure from the guideline range.

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

# UNITED STATES DISTRICT COURT
## FOR THE
# DISTRICT OF GUAM

| | |
|---|---|
| United States of America<br>Plaintiff,<br><br>vs.<br><br>Herbert A. Ferreira<br>Defendant. | ) MAGISTRATE CASE NO. 05-00001-001<br>)<br>)<br>) DECLARATION IN SUPPORT OF PETITION<br>)<br>)<br>)<br>) |

I, U.S. Probation Officer Specialist Carmen D. O'Mallan, am the U.S. Probation Officer Specialist assigned to supervise the Court-ordered conditions of supervised release for Herbert A. Ferreira, and in that capacity declare as follows:

On June 2, 2005, Herbert Ferreira was sentenced to two years probation for the offense of Conversion of Federal Property in violation of 18 U.S.C. § 641. He is alleged to have violated the following conditions of supervision:

**Standard Condition:** *The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.* Mr. Ferreira did not submit his monthly supervision report for August 2005.

**Standard Condition:** *The defendant shall notify the probation officer at least ten days prior to any change in residence or employment:* Herbert Ferreira was living with his son, Hadrian, his family who are under the Guam Housing and Urban Renewal Authority (GHURA) housing program. During a home visit to the Ferreira residence on July 8, 2005, Hadrian Ferreira informed his officer that his lease was expiring at the end of August 2005, and that they were looking for another residence. On August 8, 2005, during an office visit, Herbert Ferreira also informed this officer that he would be moving out of his residence at the end of August 2005. He stated that he did not know where they would be moving to and he agreed to contact this officer with information on his new address. Mr. Ferreira has not made contact with this officer since August 8, 2005.

DECLARATION IN SUPPORT OF PETITION
Re:   FERREIRA, Herbert A.
USDC MJ Cs. No. 05-00001-001
October 5, 2005
Page 2

Mr. Ferreira's whereabouts have been unknown since August 8, 2005. Futile attempts have been made to contact him through relatives. His sister, Priscilla Angoco, stated that she does not have frequent contact with her brother and does not know where he currently lives. Another sister, Bernadette Sablan, stated that she has not seen Mr. Ferreira in several months. An uncle, Joseph Mendiola, stated that Mr. Ferreira does not maintain contact with his family and that he has not seen him in over two months. An attempt was made to locate Mr. Ferreira through GHURA as the Ferreiras are under the agency's housing program. Ms. Norma San Nicolas, the management analyst/compliance officer for the agency reported that under the Privacy Act of 1974, she was unable to release any information identifying their clientele without written permission from the client, or unless court-ordered. Ms. Angela Perez, an agent for Century 21 who is handling the rental on the house formally leased by the Ferreiras, stated that she has been attempting to contact the Ferreiras because the family has not returned the house keys and she is unable at this time to inspect the residence and lease it out.

**Standard Condition:** *The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, and other acceptable reasons.* Mr. Ferreira was instructed to actively seek employment. Mr. Ferreira stated that he was expecting a retirement check in the near future which would pay off his restitution balance. He was informed that even if his restitution was paid in full, he must still seek and maintain employment as a condition of his probation. This officer has not received any information that Mr. Ferreira is gainfully employed.

**Special Condition:** *The defendant shall participate in a program approved by the U.S. Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol. The defendant shall also make a co-payment for the program at a rate to be determined by the U.S. Probation Office.* Mr. Ferreira failed to show for counseling appointments on August 24, 2005 and September 7, 2005.

**Superior Court of Guam:** Mr. Ferreira is currently serving a two year term of probation, docketed under CM854-03, for Driving Under the Influence. His probation officer, Maria Custudio, related that Mr. Ferreira has completed all the special conditions of his probation with the exception of scheduling an appointment with the Department of Mental Health and Substance Abuse to participate in their substance abuse program. Ms. Custudio stated that Mr. Ferreira completed the alcohol treatment program, performed the ordered community service as well as additional community service which had been converted from his $1,000 fine and the $200 alcohol treatment program fee. He also served his two day confinement sentence. Ms. Custudio further related that Mr. Ferreira last checked in with their office on September 1, 2005. The two contact numbers she provided are no longer applicable.

DECLARATION IN SUPPORT OF PETITION
Re: FERREIRA, Herbert A.
USDC MJ Cs. No. 05-00001-001
October 5, 2005
Page 3

**Supervision Compliance:** Mr. Ferreira made a $10 restitution payment on August 2, 2005. His balance according to Michelle Perez with the U.S. Attorney's Office is $890. Mr. Ferreira stated that he had filed the necessary paperwork to withdraw his retirement investment and intended to pay his restitution in full when he received his check.

Mr. Ferreira lacked transportation and the financial means to fulfill his court-ordered obligations. Bus passes were provided by the Probation Office to help transport him to and from job searches and counseling sessions.

**Recommendation:** This Probation Officer respectfully requests that the Court issue a warrant for Herbert A. Ferreira to appear for a hearing to answer or show cause why his term of probation should not be revoked pursuant to 18 U.S.C. § 3561.

Executed this 6th day of October 2005, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
CARMEN D. O'MALLAN
U.S. Probation Officer Specialist

Reviewed by:

_____
FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

cc: Frederick A. Black, AUSA
    Federal Public Defender
    File